# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | : Bankruptcy No. 16-15739-jkf |
| Scott A. Schmidt and Cheryl Schmidt | : Chapter 13 |
|         Debtor | : |
| MTGLQ Investors, LP c/o Rushmore Loan | : |
| Management Services | : |
|         Movant | : |
| vs. | : |
| | : |
| Scott A. Schmidt and Cheryl Schmidt | : |
|         Debtor/Respondent | : |
|     and | : |
| Frederick L. Reigle, Esquire | : |
|         Trustee/Respondent | : |

## CONSENT ORDER / STIPULATION AGREEMENT SETTLING
## MOTION FOR RELIEF FROM AUTOMATIC STAY

AND NOW, upon the Motion of MTGLQ Investors, LP c/o Rushmore Loan Management Services ("Creditor"/ "Movant"), through its counsel, Hladik, Onorato & Federman, LLP, for relief from the automatic stay pursuant to Bankruptcy Code § 362(d) as to certain property, 2733 Kimberly Road, Lancaster, PA 17603 (the "Property"), it is hereby agreed as follows:

Scott A. Schmidt and Cheryl Schmidt (hereafter, "Debtors") acknowledge that the following monthly post-petition mortgage payments are due as follows:

Payments 08/01/2017 – 11/01/2017 @ *$947.60 each*.........**$3,790.40**
Payments 12/01/2017 – 04/01/2018 @ *$985.83 each*.........**$4,929.15**
Attorney's fees/costs................................................**$1,031.00**
Suspense.......................................................... **($808.00)**
Arrears ("Arrears") ..............................................**$8,904.15**

1. Debtors shall cure the Arrears as set forth above by paying one-ninth (1/9) of the Arrears per month (*$989.35/month*) for the next nine (9) months, together with the regular monthly mortgage payment (currently *$985.83/month*), for a total combined monthly payment of **$1,975.18** for the next nine (9) months, beginning on *May 1, 2018*. In the event the regular monthly payment changes for any reason, then the amount due pursuant to this Paragraph shall be adjusted accordingly. Thereafter, Debtors agree to continue making the regular monthly mortgage payments

2. Debtors shall make the regular monthly payments required to the Trustee.

3. Debtors shall send all payments due directly to Creditor at the address below:

**Rushmore Loan Servicing**
**P.O. Box 52708**
**Irvine, CA 92619-2708**

**Rushmore's** loan #xxxxx3173 must appear on each payment.

4. In the event Debtors fail to make any of the payments set forth hereinabove (or real estate taxes and/or hazard insurance when due) on or before their due dates, Creditor and/or Counsel may give Debtors and Debtors' counsel notice of the default. If Debtors do not cure the default within ten (10) days of the notice, upon Certification of Default to the Court, and request for Order, with a copy to Debtors and Debtors' counsel, Creditor shall immediately have relief from the bankruptcy stay.

5. The failure by the Creditor, at any time, to file a Certification of Default upon default by the Debtors shall not be construed, nor shall such failure act, as a waiver of any of Creditor's rights hereunder.

6. Upon issuance of the aforesaid Order, the parties hereto further agree that Creditor may proceed in state court to exercise all rights and remedies available to it as a mortgagee and creditor under state and federal law including, but not limited to, the initiation of and continuation of foreclosure and execution process through sheriff's sale concerning the Property and ejectment thereafter.

7. In the event Debtors convert to a bankruptcy under Chapter 7 of the Bankruptcy Code then Debtors shall pay all pre-petition arrears and post-petition arrears within 10 days from the date the case is converted. If Debtors fail to make payments in accordance with this paragraph then the Creditor, through Counsel, may file a certification setting forth said failure and the Creditor shall be granted immediate relief from the automatic stay.

8. It is further agreed that the 14-day stay provided by Rule 4001(a)(3) is hereby waived.

By signing this Stipulation, Debtors' Counsel represents that the Debtors are familiar with and understand the terms of this Stipulation and agrees to said terms regardless of whether the Debtors have actually signed this Stipulation. Seen and agreed by the parties on the date set forth below:

_____
Danielle Boyle-Ebersole, Esquire
Counsel for Creditor
Date: 4/30/18

_____ Mitchell J. Prince, ESQ.
John L. McClain, Esquire
Counsel for Debtor
Date: 4/27/18

_____
Frederick L. Reigle, Esquire
Trustee
Date: 5/7/18

AND NOW, this _____ day of _____, 2018, it is hereby ORDERED that this Stipulation Agreement between the parties is hereby approved.

_____
Honorable Jean K. FitzSimon
U.S. Bankruptcy Judge